**Thomas F. PUCKETT and Mildred M. Puckett, Plaintiffs–Appellants,**

v.

**RUFENACHT, BROMAGEN & HERTZ, INC., Defendant–Appellee.**

No. 89–4504.

United States Court of Appeals, Fifth Circuit.

Dec. 14, 1990.

---

Allen W. Perry, Fred Krutz, III, Ronald D. Collins, Forman, Perry, Watkins, Krutz & McNamara, Jackson, Miss., for plaintiffs-appellants.

William J. Nissen, Sidney & Austin, Chicago, Ill., Carey Varnado, Easterling & Varnardo, Hattiesburg, Miss., for defendant-appellee.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF MISSISSIPPI, PURSUANT TO RULE 20, MISSISSIPPI SUPREME COURT RULES

TO THE SUPREME COURT OF MISSISSIPPI AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that this case involves questions of Mississippi law that are determinative of the cause and for which we find neither dispositive statutory provision nor controlling precedents in the decisions of the Supreme Court of Mississippi. We hereby certify the following questions of law to the Supreme Court of Mississippi for instructions.[1]

### 1. *Style of the Case*

The certified case is *Thomas F. Puckett and Mildred M. Puckett, Plaintiffs–Appellants v. Rufenacht, Bromagen & Hertz, Inc., Defendant–Appellee,* number 89

4504, on the docket of the United States Court of Appeals for the Fifth Circuit, and is on appeal from the United States District Court for the Southern District of Mississippi.

### 2. *Statement of Facts*

The facts are sufficiently stated in the Court's opinion, 903 F.2d 1014 beginning with the topic head, "From Pork Bellies to Standard and Poors", p. 1016 and ending with the topic head, "Risking it All", p. 1017. To that should be added:

In response to RB & H's motion for summary judgment, the Pucketts submitted (by affidavit and deposition) the testimony of three expert witnesses (Jordan, Cullen, and Giacona) expressing their opinion that Dr. Puckett traded too many different commodities, that he was not adequately informed and experienced to trade S & P futures contracts, that his trading volumes were so high as to be irrational, that he had no trading plan, and that there was an extremely high probability that he would lose all he had if he was allowed to continue trading. The experts expressed their opinion that industry standards required a commodities broker to intervene to advise or require a customer such as Dr. Puckett to discontinue trading commodities. According to the experts, by the time RB & H allowed Dr. Puckett to trade S & P futures, Dr. Puckett had already demonstrated that he was unfit to trade *any* commodity futures, much less S & P futures. The experts concluded that RB & H's actions in permitting and encouraging Dr. Puckett's continued trading—after he had lost substantial sums of money and after RB & H should have recognized the facts demonstrating his unsuitability to trade commodities—violated standards of conduct and the minimum standard of care generally recognized and accepted in the commodities industry. And when the Pucketts opened their accounts at RB & H, both signed Risk Disclosure Statements. These statements informed the Pucketts in specific terms of the riskiness of commodity futures.

---

1. The solicitor mutually agreed statement of facts and questions has been the basis for revision by the court to simplify and properly rephrase the questions certified.

3. *Questions of Law for the Supreme Court of Mississippi:*

1. Under Mississippi law, what duty of care does a commodities broker owe to commodities customers in a non-discretionary account?; (i) is the duty only properly to execute trades as directed by the customer, or (ii) is the commodities broker required to exercise that degree of care which a commodities broker of ordinary professional skill and prudence would exercise under similar circumstances?

2. Under Mississippi law, does a fiduciary duty exist between a commodities broker and a commodities customer with a non-discretionary account; if so, does that duty extend to require a commodities broker to (i) advise a customer to discontinue trading if the commodities broker knows or has reason to know that the customer is trading excessively and irrationally, or (ii) that the customer lacks the experience and ability to trade the commodities which he is trading, or (iii) that the customer has already incurred losses which are very high in proportion to the customer's net worth, so that there is a high probability that the customer will lose his entire net worth if he continues to trade commodities or (iv) is such duty affected where the customer initiates the ideas for the trades, presumably understands the risks and potential rewards of the trades, directs the broker to execute the trades, and does not ask the broker is there a duty to determine and monitor whether the trades are suitable for the customer? If under Mississippi law, there is such a duty of care is it subject to the doctrine of assumption of risk?

The Supreme Court of Mississippi is not bound by the phrasing of the questions certified.

The entire record in this case, together with copies of the briefs of the parties, the volume of record excerpts and copies of authorities submitted by the parties to this Court, the Court's opinion in this case, the petition for rehearing, the order denying the petition for rehearing, and all papers relating to this certification are transmitted herewith.