Thomas F. PUCKETT and Mildred M. Puckett, Plaintiffs–Appellants,

v.

RUFENACHT, BROMAGEN & HERTZ, INC., Defendant–Appellee.

No. 89–4504.

United States Court of Appeals, Fifth Circuit.

Jan. 2, 1992.

Allen W. Perry, Fred Krutz, III, Ronald D. Collins, Forman, Perry, Watkins, Krutz & McNamara, Jackson, Miss., for plaintiffs-appellants.

William J. Nissen, Sidley & Austin, Chicago, Ill., Carey Varnado, Easterling & Varnardo, Hattiesburg, Miss., for defendant-appellee.

Before BROWN, WILLIAMS and JONES, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

This case returns to us after certification to the Mississippi Supreme Court on December 14, 1990. *Puckett v. Rufenacht, Bromagen & Hertz, Inc.*, 919 F.2d 992 (5th Cir.1990), *following*, 903 F.2d 1014 (5th Cir. 1990). By decision on September 18, 1991, the Mississippi Supreme Court has answered. 587 So.2d 273 (Miss.1991). The facts and procedural history are sufficiently set forth in the above decisions.

*Questions and Answers*

We accept, and the parties do not challenge, the Mississippi Supreme Court's answers:

(1) Under Mississippi law, the only duty imposed upon a commodities broker in a non-discretionary account is to properly execute trades as directed by the customer.

(2) Under Mississippi law, a commodities broker in a non-discretionary account has a fiduciary duty, as his customer's agent, only properly to carry out his customer-principal's instructions. A broker in a non-discretionary account has no further duty to advise or counsel as to the wisdom of the customer's trades.

Growing out of its mistaken belief that we had not certified it, the court nevertheless went on to address what was described as the "difficult question." Actually, the

question as answered was fully covered by our Question No. 2(c),[1] and without a doubt by 2(d), as well as our explanatory statements about the affidavits of Jordan, Cullen, and Giacona. 919 F.2d at 993. Giving to the affidavits absolute credence, as the Mississippi Court was bound to do, it held that no fiduciary duty compelled the broker to determine whether the customer was suitable for such risky investments or to warn the customer specifically of such risk.

Whether adopted by us as the authoritative answer, or just as adequate support for our *Erie* conclusion, the result is that, under Mississippi law, there is no fiduciary duty to determine the customer's suitability for such risky investments or to warn the customer of such risks.

The upshot is that, having disposed of all federal issues, the answers of the Mississippi Supreme Court enable us to adjudge all Mississippi issues in favor of RB & H. The district court's grant of summary judgment to RB & H was correct in all respects.

AFFIRMED.

1. In lieu of using (i), (ii), (iii) and (iv), we substituted subdivision letters (a), (b), (c), (d) and (e) as used by the Mississippi Court. Question No. 2 was:

   Under Mississippi law, does a fiduciary duty exist between a commodities broker and a commodities customer with a non-discretionary account? If so, does that duty extend to require a commodities broker to:

   (a) advise a customer to discontinue trading if the commodities broker knows or has reason to know that the customer is trading excessively and irrationally, or

   (b) that the customer lacks the experience and ability to trade the commodities which he is trading, or

   (c) that the customer has already incurred losses which are very high in proportion to the customer's net worth, so that there is a high probability that the customer will lose his entire net worth if he continues to trade commodities, or

   (d) is such a duty affected where the customer initiates the ideas for the trades, presumably understands the risks and potential rewards of the trades, directs the broker to execute the trades, and does not ask the broker is there a duty to determine and monitor whether the trades are suitable for the customer?

   If, under Mississippi law, there is such a duty of care, is it subject to the doctrine of assumption of risk?